## ZEIS v. KAECHELE.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1907. Decided Dec. 27, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

225. CHARGE OF COURT—Where evidence is in conflict, question is not one of law, but one of fact and must be submitted to jury under proper instructions.

829. NEGLIGENCE—301. Contributory Negligence—Where 6245-1 GC. applies, and jury finds for plaintiff, duty of jury, under appropriate instructions, to determine whether contributory negligence of plaintiff is slight, and negligence of defendant gross in comparison, and if so to diminish damages in proportion to negligence attributable to plaintiff as compared with combined negligence of plaintiff and defendant.

Error to Common Pleas.

Judgment reversed.

Herman C. Krueger and Chas. W. Davis, Toledo, for Zeis.

Warren L. Smith and W. H. McLellan, Jr., Toledo, for Kaechele.

FULL TEXT.

LLOYD, J.

Plaintiff in error was defendant and defendant in error was plaintiff in the Court of Common Pleas.

Plaintiff was an employe of defendant and claimed to have been injured on March 16, 1925, by the falling of an alleged defectively constructed scaffold upon which he was standing, pursuant, as he claims, to directions of Benjamin F. Zeis, a carpenter, who had been employed by defendant to construct an addition to the building located on Miami Street and occupied by defendant as a lunchroom and gas filling station.

Plaintiff claimed that he too was employed by defendant to work thereon under the orders and directions of Benjamin F. Zeis. Defendant claimed that at the time of the occurrence, plaintiff was not subject to the orders of Zeis and was not employed to assist him or to do any work in connection with the addition to this building in process of construction.

In his charge to the jury the trial judge said:

"I think the court is entitled to say to you from the evidence in this case, it being undisputed, that Benjamin Zeis, the father of the defendant, in this instance was the superior of this plaintiff, that is to say, he was not a fellow servant occupied in the same class as the plaintiff: he was one from whom the plaintiff might take orders. He was the direct representative of the defendant in the case, George Zeis, in the doing of this work, upon this building, and as such under the evidence was in control of that work."

He also said to the jury that:

"If the jury shall find from the evidence in the case that this plaintiff was instructed by his employer not to go upon this scaffold or to go upon this building or do any work upon it, and the employe wilfully violated these instructions and went upon the building without being requested so do to by either the defendant or the defendant's representative, Benjamin Zeis, and that reasonable effort, if he did go upon it, was made by Benjamin Zeis as the representative of George Zeis, to keep him from going upon the scaffold and doing work there, I say, if that situation prevailed and the jury finds so from the evidence, then the action of the plaintiff in so going upon this scaffold would be negligence and if that negligence of his was the proximate cause of his injury, then he could not recover."

We are of the opinion that in so charging the jury the trial court erred to the prejudice of the defendant, for the reason that one of the disputed questions was as to whether or not Benjamin F. Zeis was a superior of plaintiff in the sense that he had authority to give directions or orders to the plaintiff or to dictate the nature and scope of his employment. The defendant claimed that the employment of plaintiff had no relation to the work of his father, Benjamin F. Zeis, and that his father's employment in no way concerned the plaintiff; that plaintiff was employed only to work in and about the lunchroom of defendant, to assist the clerk therein, to clean the windows, sort the bottles and do the sweeping, "what a janitor would do," and had been expressly and repeatedly advised as to what he was to do, and had been told that he was not to do anything in connection with the work on the building, but was at all times to stay entirely away from it. If these claimed facts were true, then the nature of the employment of Benjamin F. Zeis differed from that of plaintiff, and neither of them had anything to do with or any control over the work of the other. The evidence on this subject being in conflict, the question was not one of law but one of fact and should have been submitted to the jury under proper instructions of the court.

Section 6245-1 provides:

"That in all such actions hereafter brought, the fact that the employe may have been guilty of contributory negligence shall not bar a recovery where his contributory negligence is slight and the negligence of the employer is gross in comparison. But the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employe."

In other words, where this statute is applicable and the jury finds for the plaintiff, it is the duty of the jury, under appropriate instructions of the court, to determine whether the contributory negligence of the plaintiff was slight and the negligence of the defendant gross in comparison, and if the jury so finds, to diminish the damages in proportion to the negligence attributable to the plaintiff as compared with the combined negligence of plaintiff and defendant. On this subject the trial judge charged the jury:

"The negligence would have to be proportioned, so that what the plaintiff would be entitled to recover if he himself had not been guilty of negligence, would be diminished by the proportionate amount of his negligence, that is to say, the proportion or the ratio that his negligence bore to the negligence of the defendant."

And further, in this regard, the court stated to the jury:

"It would be the duty of the jury under those circumstances to determine the relationship between the negligence of the plaintiff and that of the defendant and proportion them and reduce the damages that the plaintiff would have sustained if he had not been guilty of any contributory negligence by the ratio which his contributory negligence bears to the negligence of the employer."

This statement of the law is obviously erroneous. N. Y. C. & St. L. Ry. Co. vs. Aigler, Admr., 10 Ohio App., 195, 201.

An examination of the record discloses no other errors prejudicial to plaintiff in error, but for the reasons given, the judgment will be reversed and the cause remanded for a new trial.

(Richards and Williams, JJ., concur.)